UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY WAYNE KELLY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| VS. ) | No. 15-1004-JDT-egb |
| ) | |
| TRENTON CITY POLICE ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
|     Defendants. ) | |

ORDER TO MODIFY THE DOCKET,
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 6, 2015, Plaintiff Terry Wayne Kelly ("Kelly"), who was, at the time, incarcerated at the Gibson County Correctional Complex ("GCCC") in Trenton, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) After Kelly filed the required documentation (ECF No. 8), the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b) (ECF No. 10). On February 18, 2015, Kelly notified the Clerk that he had been released from the GCCC and provided his new address. (ECF No. 17.)

After his release from the GCCC, the Court ordered Kelly to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 filing fee. (ECF No. 18.) Kelly submitted the proper affidavit (ECF No. 19), and the Court granted leave to proceed *in forma pauperis* on September 28, 2015 (ECF No. 21 at 2). Also in the September 28, 2015, order, the Court addressed Kelly's pending motions (*id.* at 10-12) and dismissed the complaint and amended complaint[1] for failure to state a claim (*id.* at 8-10) but granted leave to further amend within thirty days (*id.* at 12-13). Kelly filed another motion for appointment of counsel (ECF No. 22) and his second amended complaint (ECF No. 23) on October 28, 2015.[2] As the second amended complaint will also be dismissed, the motion for appointment of counsel is DENIED as moot.

## I. The Second Amended Complaint

The second amended complaint largely argues the merits of Kelly's original and amended complaints, and he still sues only the City of Trenton and Gibson County. Kelly states that he was "verbally and visually criticized" by unidentified individuals who passed judgment upon Kelly through "wrongful medical opinions" and "nonchalant behaviors and concerns." (Second Amended Compl., ECF No. 23 at 16.) Further Kelly alleges that he was "medically deceived" as well as "deserted and abandoned" while needing medical attention. (*Id.*) Kelly contends that the Trenton City Police Department ("TCPD") was the first facility to which he was taken and had the first obligation for

---

[1] Plaintiff filed an amended complaint as of right on January 16, 2015. (ECF No. 7.)

[2] In the second amended complaint, Kelly provided another change of address. The Clerk is directed to MODIFY the docket to reflect Kelly's address as it is set forth in that document. (ECF No. 23 at 3.) A copy of this order shall be mailed to him at that address.

treatment; however, he was left to lie on the floor of his jail cell in need of medical attention for "a total of 'curious' unbelievable, undisclosed amount of hours." (*Id.* at 18.) After he was taken to the GCCC, the lack of treatment allegedly continued for over five days, until Kelly fell. (*Id.* at 19.)

In an attachment to the amended complaint, Kelly specifically states that he was arrested on January 24, 2014, after being involved in a fight with three other persons. Kelly was apparently barefoot during the fight, and he stepped on broken glass and other debris. As a result, glass shards were deeply embedded in both of Kelly's feet. (Attachment, ECF No. 23-3 at 2.) When the police arrived, Kelly was arrested on charges of public drunkenness and disorderly conduct. (*Id.* at 2.) While Kelly was being transported to the TCPD for booking, he told the arresting officer that there were "unknown objects" that had taken up residence in his feet. (*Id.*) While at the TCPD, Kelly's feet were continuously bleeding "all over the TCPD" and in his cell. (*Id.* at 3.) Kelly informed his arresting officers of his medical issues but nobody rendered emergency medical assistance. (*Id.* at 3, 18.) Later, Kelly was taken to the GCCC. (*Id.* at 3.)

After a day and a half at the GCCC, Kelly was finally booked into the system and brought his medical issues to the attention of the booking officers; however, no medical treatment was given. (*Id.* at 4.). On January 29, 2014, five days from the initial incident, as Kelly was walking down the stairs to the shower he felt pain in his right foot from a piece of glass, flinched, lost his balance and fell down the metal stairs, striking his head

on the concrete floor. (*Id.* at 5.) After the fall, emergency assistance was finally granted. (*Id.* at 6.)

Kelly alleges that his "body physically and visually has lost its normal abilities." (Attachment, ECF No. 23-2 at 8.) He alleges that he needed treatment to remove the glass from his feet, for an open cut, and for a huge knot he received from falling down the stairs. However, after January 29, 2014, Kelly allegedly received no further medical treatment. (*Id.* at 10-11.)

Kelly additionally alleges that the Defendants demonstrated deliberate indifference following a different arrest on March 13, 2014,[3] when burns that he had received prior to the arrest never received medical attention. (Attachment, ECF No. 23-3 at 13.) Kelly did receive a small pack of triple antibiotic ointment after his booking into the GCCC on March 14, 2014; however, it was administered by the booking officers and not through the medical clinic. (*Id.* at 14.) Kelly was seen by the medical clinic on March 18, 2014; however, he was still just given two small packets of ointment, and the medical staff did not feel that Kelly required further medical attention. (*Id.*) Additionally, Kelly was denied his own medications that a doctor prescribed for Kelly when he was not incarcerated. (*Id.* at 15.)

## II. Analysis

Plaintiff's second amended complaint fails to comply with the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim

---

[3] The second amended complaint does not provide a year for these allegations; however, in the original complaint, Kelly alleges the events occurred in March 2014. (ECF No. 1 at 7-8.) Kelly does not state how long he stayed at the GCCC after his January 2014 arrest.

showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)-(3). A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible"); *Gordon v. Green*, 602 F.2d 743, 744-45 (5th Cir.

1979) (4000-page pleading, comprised of "various complaints, amendments, amended amendments, amendments to amended amendments, and other related papers," did not comply with Rule 8(a) "as a matter of law"); *Windsor v. A Fed. Exec. Agency*, 614 F. Supp. 1255, 1257 (M.D. Tenn. 1983) (ordering plaintiff to amend his complaint to comply with Rule 8 because a 47-page complaint is not required to state a simple claim and because the complaint "is confusing and distracting"). In this case, Kelly's second amended complaint and attachments runs to 195 pages,[4] much of which is repetitive argument and rhetoric, with factual allegations haphazardly scattered throughout.

The legal standards for assessing the claims in an inmates's complaint were set forth in the previous order (ECF No. 21 at 5-7) and will not be reiterated here. In the previous order of dismissal, the Court determined that Kelly had failed to state a claim on which relief could be granted because he did not allege that his particular injuries were caused by the execution of an official policy or custom of either the City of Trenton or Gibson County. (*Id.* at 8-10.) The second amended complaint, despite its length, fails to cure that deficiency. Therefore, Kelly's second amended complaint is also DISMISSED for failure to state a claim on which relief may be granted.

### III. Conclusion

The Court DISMISSES Kelly's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal

---

[4] This does not include the 28 pages the Clerk docketed as a motion to appoint counsel (ECF No. 22) and the 126 pages of medical records submitted with the complaint (ECF No. 24).

by Kelly in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Kelly would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Kelly nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Kelly is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Kelly, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE